**FILED**
September 30, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: CM
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| NITTA MOSES,<br><br>Plaintiff,<br><br>VS.<br><br>BEXAR COUNTY, TEXAS; UNKNOWN BEXAR COUNTY SHERIFF'S DEPUTIES (JOHN DOES 1-10); SHERIFF OF BEXAR COUNTY,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 5:26-cv-01705-MA |

**ORDER PARTIALLY ADOPTING REPORT AND RECOMMENDATION**

The Court previously referred this action to Magistrate Judge Henry J. Bemporad for screening under 28 U.S.C. § 1915(e)(2) and for a Report and Recommendation concerning whether Plaintiff Nitta Moses's complaint states any claim upon which relief may be granted.[1] Judge Bemporad has now issued that R&R recommending dismissal of Plaintiff's claims against Bexar County, Texas, and the Sheriff of Bexar County, while recommending that Plaintiff's claims against Unknown Bexar County Sheriff's Deputies proceed.[2] Plaintiff timely filed objections to the R&R.[3]

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court has conducted a de novo review of the portions of the R&R to which Plaintiff made specific objections. The Court has reviewed the remainder of the R&R for clear error. Having done so, the Court **ADOPTS IN PART** and **DECLINES TO ADOPT IN PART** the R&R.

## I. Discussion

### a. Legal Standard

Because Plaintiff proceeds in forma pauperis, the Court must dismiss the complaint, or any

[1] Dkt. No. 10.
[2] Dkt. No. 11, at 2–4.
[3] Dkt. No. 15.

portion of it, if it is frivolous or malicious, seeks monetary relief from an immune defendant, or fails to state a claim upon which relief may be granted.[4]

The Court uses federal pleading standards to determine the sufficiency of a complaint.[5] The Court reads the complaint as a whole,[6] accepting all well-pleaded facts as true (even if doubtful or suspect[7]) and viewing those facts in the light most favorable to the plaintiff.[8] "[P]laintiffs must allege facts to support the elements of the cause of action in order to make out a valid claim."[9] While the Court will not strain to find inferences favorable to a plaintiff,[10] it also will not indulge competing reasonable inferences that favor a defendant.[11] Although a court must construe a pro se party's filings liberally,[12] it need not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."[13] A plaintiff need not plead evidence[14] but must plead more than "naked assertions devoid of further factual enhancement" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."[15]

**b. Analysis**

The Court turns to consider the R&R's recommendation that Plaintiff's excessive force and

---

[4] 28 U.S.C. § 1915(e)(2)(B).
[5] *See Genella v. Renaissance Media*, 115 F. App'x 650, 652–53 (5th Cir. 2004) (holding that pleadings must conform to federal pleading requirements).
[6] *See Gulf Coast Hotel-Motel Ass'n v. Miss. Gulf Coast Golf Course Ass'n*, 658 F.3d 500, 506 (5th Cir. 2011) ("While the allegations in this complaint that the Golf Association's anticompetitive acts 'substantially affected interstate commerce' are not sufficient on their own, the complaint here read as a whole goes beyond the allegations rejected in *Twombly* and *Iqbal*.").
[7] *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555–56 (2007).
[8] *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Turner v. Pleasant,* 663 F.3d 770, 775 (5th Cir. 2011) ("This court construes facts in the light most favorable to the nonmoving party, 'as a motion to dismiss under 12(b)(6) is viewed with disfavor and is rarely granted.'")).
[9] *Hale v. King*, 642 F.3d 492, 498 (5th Cir. 2011).
[10] *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008).
[11] *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 267 (5th Cir. 2009).
[12] *See Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).
[13] *Cobarobio v. Midland Cnty., Texas*, No. MO:13-CV-00111-RAJ, 2015 WL 13608102, at *3 (W.D. Tex. Jan. 7, 2015), *aff'd*, 695 F. App'x 88 (5th Cir. 2017) (quoting *Ferrar v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007)).
[14] *Copeland v. State Farm Ins. Co.*, 657 F. App'x 237, 240–41 (5th Cir. 2016).
[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557) (internal quotation marks omitted); *see also id.* at 679 (holding that a complaint that "do[es] not permit the court to infer more than the mere possibility of misconduct" does not suffice to state a claim).

unconstitutional arrest claims should be allowed to proceed as to Defendants Unknown Bexar County Sheriff's Deputies (John Does 1-10).[16]

In her original complaint, Plaintiff alleged only that:

> In March 2024, Plaintiff was assaulted by Bexar County Sheriff's deputies, falsely arrested, and taken to the Bexar County Detention Center where she was treated unfairly. Internal Affairs later found policy violations. Plaintiff suffered job loss, housing loss, relocation, and emotional distress.[17]

The magistrate judge correctly found these allegations "entirely conclusory" and ordered Plaintiff to produce an amended complaint containing the information necessary to evaluate the plausibility of her claims, such as details concerning the alleged assault, false arrest, and mistreatment she experienced while detained.[18]

Plaintiff filed duplicative amended complaints on April 6, 2026, and April 9, 2026.[19] Therein, Plaintiff alleges that "[o]n or about March 13, 2024," "in a calm and non-threatening manner," she approached a police interaction occurring between the police and Plaintiff's daughter outside of Plaintiff's house "after receiving a call from her daughter."[20] Plaintiff alleges that despite the fact that she "did not pose a threat and was not resisting," a deputy officer "escalated the situation without justification . . . engaged Plaintiff and knocked her to the ground," later claiming that Plaintiff "tripped over a curb."[21] Plaintiff alleges that she "was initially told that she was being arrested for 'failure to identify' . . . [but] [t]he justification was later changed to 'interference with a police investigation.'"[22]

The Court finds that, even liberally construed, these allegations do not plausibly state a claim upon which relief can be granted.

---

[16] Dkt. No. 11, at 3.
[17] Dkt. No. 1-1, at 1.
[18] Dkt. No. 3, at 2.
[19] Dkt. Nos. 5 & 6. Because these amended complaints appear to be identical, the Court treats Plaintiff's April 6, 2026 Complaint (Dkt. No. 5) as operative.
[20] Dkt. No. 5, at ¶¶ 7–8.
[21] Dkt. No. 5, at ¶¶ 10–15.
[22] Dkt. No. 5, at ¶¶ 17, 19. Plaintiff alleges that these charges "were ultimately dismissed due to insufficient evidence on August 6, 2025. Dkt. No. 5, at ¶ 38.

As to her allegations of unconstitutional arrest, even as amended, Plaintiff's allegations that she "did not engage in any . . . disruptive behavior" or "interfere with any investigation" and that she was arrested "[w]ithout justification" and "without probable cause" are entirely conclusory and unaccompanied by any allegations concerning what Plaintiff actually did or did not do during the encounter.[23] Plaintiff provides virtually no factual details necessary for the Court to assess the plausibility of her allegation that her arrest was made without probable cause, such as the nature of the "police interaction" occurring when she arrived on the scene; the conduct of the individuals involved in that investigation; what Plaintiff did or said upon approaching the scene; or any instructions or warnings that the officer gave to her prior to her arrest.[24] Plaintiff's allegation that the criminal charges brought against her were later dismissed for insufficient evidence similarly does not allow the Court to assess whether the circumstances known to the arresting deputy could have provided probable cause justifying Plaintiff's arrest.[25]

Plaintiff's allegations concerning excessive force are similarly insufficient. A claim that an officer used excessive force during an arrest or other seizure is governed by the Fourth Amendment's objective-reasonableness standard. The pertinent inquiry is whether, in light of the facts and circumstances confronting the officer, the force used was objectively unreasonable.[26] That inquiry requires consideration of the severity of the suspected offense, whether Plaintiff posed an immediate threat to the safety of officers or others, and whether she was actively resisting arrest or attempting to evade arrest by flight.[27]

Plaintiff's amended complaint does not allege facts sufficient to support the inference that the deputy's use of force was objectively unreasonable. Plaintiff's allegation that she "did not pose a threat

---

[23] *See* Dkt. No. 5, at ¶¶ 10–12, 16.
[24] *See* Dkt. No. 5, at ¶¶ 7–20.
[25] Dkt. No. 38.
[26] *Collier v. Montgomery*, 569 F.3d 214, 218–19 (5th Cir. 2009) (quoting *Bush v. Strain*, 513 F.3d 492, 501 (5th Cir. 2008)) ("The objective reasonableness of the force, in turn, depends on the facts and circumstances of the particular case, such that the need for force determines how much force is constitutionally permissible.").
[27] See *Graham v. Connor*, 490 U.S. 386, 396 (1989); *Trammell v. Fruge*, 868 F.3d 332, 340–41 (5th Cir. 2017).

and was not resisting" before she was "knocked . . . to the ground"[28] provides no meaningful description of the circumstances of her interaction with the officer immediately before the arrest. Because Plaintiff's amended complaint alleges virtually no information from which the Court could infer that the arresting deputy's use of force was objectively unreasonable, the Court concludes that Plaintiff has failed to state a valid claim for relief as to Unknown Bexar County Sheriff's Deputies.[29]

Accordingly, Judge Henry J. Bemporad's R&R is **REVERSED** to the extent it concluded that Plaintiff's claims against the Unknown Bexar County Sheriff's Deputies (John Does 1-10) should proceed.

As to the remainder of the R&R, the Court has conducted a review in accordance with 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). Finding no error, the Court **ADOPTS** Judge Henry J. Bemporad's Report and Recommendation to the extent it recommends dismissal of Plaintiff Nitta Moses's claims against Defendants Bexar County, Texas, and Sheriff of Bexar County.[30]

## CONCLUSION AND HOLDING

Accordingly, Plaintiff Nitta Moses's Complaint is **DISMISSED** in its entirety. The case is **TERMINATED**, and the Clerk of the Court is instructed to **CLOSE** this case.

IT IS SO ORDERED.

DONE this 30th day of September, 2026, in San Antonio, Texas.

MICAELA ALVAREZ
SENIOR UNITED STATES DISTRICT JUDGE

[28] Dkt. No. 5, at ¶¶ 12–13.
[29] *See*, *e.g.*, *Cobarobio*, 2015 WL 13608102 at *12 (citing *Bush*, 513 F.3d at 500–01; *Collier*, 569 F.3d at 218–19).
[30] Dkt. No. 11.